UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RICKEY SMITH,
   Plaintiff,

vs.                  No. 07-1204

CORRECTIONAL OFFICER HARTZEL, et al.,
   Defendants.

## CASE MANAGEMENT ORDER

      This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

      The plaintiff, Rickey Smith, filed his complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Hill Correctional Center. The plaintiff has named four defendants including Correctional Officers Hartzel and Reffett, Unit Counselor C. Winick and Lieutenant Hallman. The plaintiff does not state whether he intends to sue the defendants in their official and/or individual capacities.

      The plaintiff claims the defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical needs. Specifically, the plaintiff alleges that he was kept in a smoking cell for 21 days despite the fact that the defendants knew he suffered from a medical condition that prohibited him from being in a smoking environment.

      The plaintiff says on October 6, 2006, he was transferred from a nonsmoking area of Pickneyville Correctional Center to Hill Correctional Center and was placed in a nonsmoking cell. However, on December 8, 2006, the plaintiff was placed in a smoking permitted area of the facility in a cell with an inmate who was a smoker.

      The plaintiff says he informed an officer that his medical condition prevented him from being in a smoking cell or a smoking area of the correctional facility. The plaintiff says he suffers from Pulmonary Fibrosis and chronic Bronchitis. The plaintiff says he is subjected to quarterly X-rays to monitor his lungs.

      The plaintiff says Defendant Hallman told him that he was not identified in the record as a nonsmoker, so he would have to either move into his cell or refuse housing and move to segregation. The plaintiff chose to remain in the cell and file a grievance.

Defendant Winick again told the plaintiff that until he was identified as a nonsmoker, he would have to remain in the cell. The plaintiff was told he would need to ask the Health Care Administrator for assistance if he had a medical condition that required different placement.

On December 14, 2006, the plaintiff says he was suffering health problems from the exposure to the smoke and was examined by a nurse. The nurse agreed that the plaintiff should be moved. The plaintiff says Placement Officers advised the nurse that the plaintiff needed to sign another nonsmoking contract before he could be moved, so the contract was signed immediately.

The plaintiff says the Health Care Administrator also told the Placement Office and Defendant Reffett that the plaintiff needed to be moved from the smoking area on December 16, 2006, but the plaintiff was not moved until December 29, 2006.

The plaintiff says he went to the Health Care Unite again on December 19, 2006 because he was coughing up blood, was suffering headaches and had breathing difficulties. The plaintiff was seen again by a doctor on December 25, 2006 for the same problems and was given antibiotics and other drugs. The plaintiff says the stay in the smoking area of the facility has aggravated his health condition and has possibly lead to more serious health conditions.

The court finds the plaintiff has adequately alleged a violation of his Eighth Amendment rights based on both present injury and/or future injury. *See Helling v McKinney,* 509 U.S. 25, 35 (1993); *Henderson v. Sheahan,* 196 F.3d 839, 844-848 (7th Cir. 2000).

For clarification of the record, the plaintiff has stated claims against the defendants in their individual capacities only. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). (Suits against state officers in their "official capacity" are suits against the state and thus cannot be brought under Section 1983. )

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff has adequately alleged that the defendants violated his Eighth Amendment rights based on a present injury and/or a future injury due to his unwilling exposure to second-hand smoke. The claim is against the defendants in their individual capacities only.**

**2) All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**5) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**6) The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

    Entered this  14th   day of August, 2007.


                                 **s\Harold A. Baker**

                       _____
                                  HAROLD A. BAKER
                           UNITED STATES DISTRICT JUDGE