UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RICKEY SMITH,
　Plaintiff,

vs.                                     No. 07-1204,

DAVID HARTZEL, et.al.,
　Defendants

CASE MANAGEMENT ORDER #2

　　This cause is before the court for consideration of the plaintiff's motion to amend his complaint. [d/e 23] The plaintiff, a state prisoner, filed his original complaint pursuant to 42 U.S.C. §1983 against four defendants at the Hill Correctional Center.  On August 14, 2007, the court conducted merit review of that complaint and found the plaintiff had adequately alleged that Defendants Correctional Officers David Hartzel and James Reffett, Unit Counselor Christine Winick and Lieutenant Larry Hallman violated the plaintiff's Eighth Amendment rights based on present injury and/or future injury due to unwilling exposure to second-hand smoke.  The claim was against the defendants in their individual capacities only.

　　The defendants filed an answer to the complaint, and the plaintiff then filed this motion to amend his complaint.   The pro se plaintiff is asking to add two additional defendants, Sargeant Locke and Lieutenant Griffin, to his complaint and has submitted a proposed amended complaint.  "[D]istrict courts have a special responsibility to construe pro se complaints liberally and to allow ample time for amending the complaint when it appears that by doing so the pro se litigant would be able to state a meritorious claim..." *Donald v. Cook County Sheriff's Department,* 95 F.3d 548, 555(7th Cir. 1996).  Therefore, the court will allow the plaintiff's motion to amend his complaint and will conduct another merit review of the amended complaint.

　　The court is required by 28 U.S.C. §1915A to "screen" each complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

　　In his amended complaint, the plaintiff says on he was transferred to Hill Correctional Center on October 6, 2006 and was placed in a nonsmoking cell.  On December 8, 2006, the plaintiff was moved to a smoking cell with a smoking cell mate. The plaintiff objected and informed his Wing Officer that he had a medical condition which was exacorabated by smoking.

1

The plaintiff says he suffers from Pulmonary Fibrosis and Chronic Bronchitis which require regular X-ray monitoring of his lungs.  The officer agreed to check on the cell placement and then informed the plaintiff that he was not indicated as a non-smoker for cell placement purposes and therefore, he would have to move into the new cell.  The plaintiff was advised to talk to his Unit Supervisor, Defendant Hallman.

The plaintiff informed Defendant Hallman of his situation, but the defendant told the plaintiff he could either accept the placement, or go to segregation.  The plaintiff moved into the cell, but filed an emergency grievance.  Defendant Winick intercepted the emergency grievance and told the plaintiff he would have to write to the Health Care Administrator for assistance.  The plaintiff says Winick did not investigate his claims or confirm his medical condition.

The plaintiff was seen by a nurse on December 14, 2006 regarding his complaints of dizziness, headaches and shortness of breath.  The nurse reviewed the plaintiff's medical file and informed the Placement Office that the plaintiff should move out of the smoking area.  The plaintiff was instructed to sign another nonsmoking contract, which he says he did.

Two days later, the Health Care Administrator informed Placement Officer Rennett that the plaintiff had to be moved due to his health.  Nonetheless, the plaintiff says he remained in the smoking area until December 29, 2006.  The plaintiff says during this time period, he was sent to the Health Care Unit for coughing up blood, headaches and breathing difficulties.  The plaintiff says his problems were the direct result of the smoke in his cell.  The plaintiff further lists how each of the named defendants participated in forcing him to remain in a dangerous living condition.  The court again finds the plaintiff has adequately alleged a violation of his Eighth Amendment rights based on both present injury and/or future injury against all named defendants. *See Helling v McKinney,* 509 U.S. 25, 35 (1993); *Henderson v. Sheahan,* 196 F.3d 839, 844-848 (7th Cir. 2000).

The court will extend discovery for the limited purpose of obtaining discovery concerning the two new defendants.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion for leave to amend his complaint is granted. [d/e 23].  The clerk is directed to file the plaintiff's attached amended complaint.**

**2) Pursuant to its merit review of the amended complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims: Defendants Correctional Officers  David Hartzel and James Reffett, Unit Counselor Christine Winick, Lieutenant Larry Hallman, Sargeant Locke and Lieutenant Griffin violated the plaintiff's Eighth Amendment rights based on both present injury**

and/or future injury due to his continued forced exposure to second-hand smoke.

3) All other claims based on federal law, other than those set forth in paragraph (2) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.

4) This case shall proceed solely on those federal claims identified in paragraph (2) above. Any claims not set forth in paragraph (2) above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

5) The Clerk of the Court is directed to add Defendants Sargeant Locke and Lieutenant Griffin to this case and provide each with a Notice of Lawsuit and Waiver or Service forms. The clerk should also provide the new defendants with a copy of this case management order and the amended complaint.

6) The defendants shall all file an answer to the complaint on or before September 12, 2008.

7) The parties pending motions for summary judgement are denied with leave to renew. [d/e 27, 30]

8) The court will now abide by the following scheduling deadlines: a) the discovery period is now extended to November 3, 2008, and b) the dispositive motion deadline is now extended to November 21, 2008. The parties are admonished that any additional discovery is limited to information concerning Defendants Locke and Griffin.

Entered this __29th__   Day of __August__, 2008.


                          s\Harold A. Baker
                          _____
                                  HAROLD A. BAKER
                          UNITED STATES DISTRICT JUDGE